UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARRIED FARRELL NORMAN,
    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, et al.,
    Defendants.

Case No. 22-cv-02627-JCS

**ORDER TO SHOW CAUSE RE REVIEW UNDER 28 U.S.C. § 1915**

## I. INTRODUCTION

Plaintiff in this action is proceeding pro se. The Court has granted Plaintiff's application to proceed in forma pauperis and therefore is required to review the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court finds that Plaintiff's claims are insufficiently pled. Therefore, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed. Plaintiff shall file a response to this Order addressing why his claims are sufficiently pled no later than **June 13, 2022**. Alternatively, Plaintiff may attempt to cure the deficiencies identified herein by filing an amended complaint by the same date.

## II. BACKGROUND

### A. The Complaint

Plaintiff originated this action by filing a form complaint in which he names the following defendants: 1) the Federal Bureau of Investigation ("FBI"); 2) the State Bar of California; 3) the Alameda County Bar Association; 4) the East Bay Community Law Center; 5) attorney John Burris; and 6) the Asian Law Alliance. Complaint at pp. 2, 4.

In the form complaint, Plaintiff indicates that there is federal jurisdiction based on the

1 existence of a federal question because he asserts claims based on alleged violation of his
2 "Constitutional rights for an Attorney under the XIII/14th Amendment." *Id.* at 2. In the section
3 entitled "Statement of Facts" Plaintiff states as follows:

> Plaintiff's paid for legal referral services several times to the Alameda County Bar Association. Nevertheless, the Alameda County referral services decline to provide me with an attorney, per their legal contract with the State Bar of California. Furthermore, Plaintiff believes that Civil Rights Attorney John Burris has a fiduciary responsibility to support Plaintiff in his legal pursuit for an Attorney. I believe John Burris is a part of this murder investigation involving me.

*Id.* at 4-5. Plaintiff asserts two claims, both under 42 U.S.C. §§ 1983 and 1985 and the Fourteenth Amendment. *Id.* at 6-7. He refers to an attached list of violations in both claims. No documents were attached to the Complaint, but based on the list of attachments described in the Complaint at page 8, the Court concludes that those attachments were mistakenly attached to his application to proceed in forma pauperis (dkt. no. 5) at ECF pages 6-34. The Court therefore considers those documents to be incorporated in Plaintiff's Complaint.

The first page of the attached documents is entitled "Violations of the Law" and lists 38 purported violations without any supporting factual allegations, *e.g.*, "First Amendment Right, Freedom of speech, Religion"; "murders"; "malice"; "attempted rape"; "briberies"; "homelessness"; "real estate law"; "European/White Supremacy"; and so on. This is followed by a document entitled "A List of Accusations" containing 239 paragraphs, some of which are questions and others of which allege a wide variety of misconduct be the FBI and others. A sampling of Plaintiff's questions and allegations follows:

1. Who is my x sister in law, Christine Capuyan, does she work for the FBI? I am seeking all discovery surrounding any statements she might have made regarding a murder investigation.
2. Joseph McDaniel, San Pedro, CA, is he a witness regarding a murder or does he have any relevant information regarding said crime? . . .
3. Also, I am seeking a child Molester that might work for the FBI. He is my Mother's prior boyfriend. He went by the name of, "SonnyMan the Sandwich man." He hung me over a Freeway Overpass in downtown Los Angeles when I was child. Also, I believe he caused me to be sexually assaulted.
4. In addition, I requested that the United States District Court in Oakland, CA, to arrest my accuser or accuser(s) in this murder investigation. I am seeking the arrest of my accuser so

2

I can testify against that person or person(s). I believe they have direct knowledge of the murder.

5. Further issues; European/'Whiteman/ lied and said that," I wanted to do to them what they did to us African Americans," I believe he was an FBI AGENT.

. . .

8. FBI agents[ ] forced my wife to divorce me and diverted her income from our families' bank accounts and got me fired from my job as a counselor and destroyed my real Estate business so I want retain an Attorney. This was around $12,000.00 a month.

9. FBI agents made death threats with the intent to carry it out on Garred F. Norman, via illegal police stops, via tuberculosis, via stabbing me, via blood clot, via choking, maiming me with a car, one kicked me in the ribs, on another occasion, knocked me to the ground, drove cars & trucks within one inch of my body, continuously poisoning me, I noticed blue substance protruding from my head, i suffered mental zoning, memory loss, blurry vision, broken teeth, brittle teeth, biting on silver/ware, gray hairs, impatience, loss of testosterone and sore joints. I filed a Police report and submitted evidence to the Oakland Police Department. I have not received any response. The FBI retaliated against me because I stated that I look younger than all my friends so they poisoned me to look aged and run down.

. . .

40. FBI agents set me up for a fraudulent court's trials.

. . .

46. FBI agents prohibited the plaintiff from filing an appeal with the appeal[ ]s court in San Jose, CA.

. . .

53. FBI agents[ ] orchestrated a plethora of fraudulent funerals.

. . .

55. FBI agents[ ]  attempted to set me up for Real Estate fraud, mortgage fraud, and false tax evasion. They even caused my personal businesses to lose a substantial amount of revenue. I have marketed thousands of postcards all over the bay area, as well as Southern California. Also, I have attended numerous events to promote my business. I have a business book for clients. Nevertheless, I have not received any calls from my customers.

. . .

63. Federal Court personnel are seeking to stop me from proceeding in Federal Court on these serious issues and will not accept installment payments for the amount of $400.00.

. . .

68.  FBI agents placed a microphone device in my tooth and I suffered from a hot ear.

. . .

79. FBI agents[ ] are used a sophisticated device, provoking me to make a racial statements towards my child.

. . .

92. I believe an FBI agent in Oakland, CA intentionally hit me Mixed Martial Art Style, (MMA), while I was walking pass her at a stop light, she then called me a "n****** and said; 'f**** you:' I then called 911 and reported her to the police. I respectfully left, after the police arrived.
. . .

97. An FBI agent lied and said I beat her dog in Sacramento, CA.
. . .

106.    Per the State Bar of California Bar Association legal referral service and the Sacramento County Bar Association, I paid money for legal referral services to retain an Attorney. However, I didn't receive any services for an attorney. This case is based on a plethora of Constitutional illegal violations, attached to this document.
. . .

113. An FBI agent named Ron forced me to say frivolous things about Judge James Ware, a Federal Judge so he could entrap me for a crime. He failed.
. . .

116. On 1/15/19, I submitted a copy of my complaint regarding alleged murders and attempted murders to the Oakland 's Police Department, Civil Rights Attorney John Burris and Allen Temple 's Church Pastor Jacqueline A. Thompson . I did not receive any support for an Attorney.
. . .

161. I believe FBI agents flooded my old neighborhood with Crack Cocaine and I believe the murder weapon in this case is based on crack cocaine. I submitted a list of names to Both State and Federal Department of Justice and Governor Gavin Newsom Office on 8-13-21.

The final section of this document contains allegations about FBI conduct aimed at Plaintiff's wife and children.

In the section entitled "Demand for Relief" Plaintiff states:

> Plaintiff[ ] is requesting that the court compel the Federal Bureau of Investigation to stop interfering with my legal rights to retain an attorney. I am seeking legal support from the following agencies and attorneys attached to this complaint.

*Id.* at 9.

### B.  Plaintiff's Previous Cases in this Court

#### 1.  C-18-6658 MMC

On November 21, 2018, Plaintiff filed a complaint in this Court naming the FBI as sole defendant. *See* Case No. C-18-6658 MMC, United States District Court, N.D. of California. In his complaint, he alleged that the FBI violated his constitutional rights by conspiring to frame him for

4

1  a murder he did not commit; "stalking" his family and "interfering" with his marriage; interfering
2  with his real estate business by diverting customers; calling him by a racial epithet, battering him
3  and siccing a vicious dog on him;  using "kill switches" to run his family off the road; and
4  overmedicating and battering his daughter. Complaint.  In that case, the Court denied Plaintiff's
5  application to proceed in forma pauperis because Plaintiff indicated in his application that his wife
6  earned $10,000 a month without stating that he did not have access to those funds.  Although
7  Plaintiff was given an opportunity to file an amended application, he failed to do so and did not
8  pay the filing fee.  The case therefore was dismissed without prejudice.

### 2. C-19-1173 MMC

On March 4, 2019, Plaintiff again sued the FBI and added as defendants the State Bar of California, the Alameda County Bar Association and Attorney John Burris. *See* Case No. C-19-1173 MMC, United States District Court, N.D. of California. The allegations in that case relate only to the FBI; there are no factual allegations relating to the other defendants.  The allegations relating to the FBI repeat allegations in Case No. C-18-6658, discussed above, and expand upon those allegations. The Court again denied Plaintiff's application to proceed in forma pauperis on the basis that he did not submit sufficient information to allow it to determine whether he was indigent.  As Plaintiff did not file an amended application or pay the filing fee, that case also was dismissed without prejudice.

### 3. C-20-1042 VC

On February 10, 2020, Plaintiff filed another lawsuit in this Court, naming as defendants the State Bar of California, the Alameda County Bar Association, the East Bay Community Law Center, and attorney John Burris.  See Case No. C-20-1042 VC, United States District Court, N.D. of California.  In that case, he asserted that his Constitutional right to an attorney under the Sixth and Fourteenth Amendments was violated.  Complaint at 2.  He alleged that he paid the Alameda County Bar Association for legal referral services but that it declined to provide Plaintiff an attorney "per their legal contract with the State Bar of California." *Id*. at 5.  He also alleged that attorney John Burris had a "fiduciary responsibility to support plaintiff in his legal pursuit for an attorney" and that Burris was "a part of this murder investigation that Plaintiff murdered a

1 person." *Id.* He demanded as relief that the Court "order the State Bar of California, Civil Rights
2 Attorney John Burris, Bay Area Legal Aid and East Bay Community Law Center to provide legal
3 services" to him in connection with being "falsely accused of murder" and other matters. *Id.* at 8.
4      In this case, the Court initially denied Plaintiff's application to proceed in forma pauperis
5 on the basis that Plaintiff again listed his wife's earnings as $10,000 per month without
6 explanation. *See* dkt. no. 5. Subsequently, Plaintiff filed a declaration stating that he did not have
7 access to his wife's money and the Court granted his application but dismissed the complaint
8 under 28 U.S.C. § 1915. *See* dkt. no. 10. The Court explained:

> Norman alleges violations of his constitutional rights under the Sixth and Fourteenth Amendments because various defendants did not provide him with legal representation and were otherwise involved in a murder conspiracy. The Sixth Amendment right to counsel applies only in criminal proceedings. *Turner v. Rogers*, 564 U.S. 431, 441 (2011). Norman's complaint does not provide any allegations regarding criminal proceedings (other than a vague allegation that Norman was "falsely accused of murder"), much less plausible allegations that the defendants, acting under color of state law, deprived Norman of counsel during those proceedings. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Similarly, the complaint does not allege facts that plausibly give rise to a claim for violation of Norman's due process right to counsel. *Turner*, 564 U.S. at 442-43 (noting presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty").

18 *Id.* Although Plaintiff was given leave to amend, he did not file an amended complaint.
19 Consequently, the case was dismissed with prejudice.

20 **4. C-22-2390 AGT**

21    On April 15, 2022, Plaintiff filed a case in this Court against the State Bar of California,
22 the Alameda County Bar Association, Bay Area Legal Aid, the East Bay Community Law Center
23 and attorney John Burris. He again asserted that his Constitutional right to an attorney under the
24 Fourteenth Amendment has been denied, alleging, *inter alia*, that he had paid Alameda Bar
25 Association for referral services but that it declined to provide him with an attorney, that attorney
26 John Burris had a fiduciary responsibility to provide legal services to Plaintiff and that Burris as "a
27 part of this murder investigation." That case is still pending.

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).  "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.     Discussion**

Plaintiff asserts his claims under 42 U.S.C. §§ 1983 and 1985.  Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). Here, Plaintiff asserts his Section 1983 claim based on alleged violation of his Fourteenth Amendment rights.  Section 1985 is aimed at conspiracies to interfere with civil rights.

Although Plaintiff's Complaint contains a litany of alleged "violations" and "accusations," the Statement of Facts and Relief Demanded sections of his complaint indicate that his claims are based on the FBI's alleged interference with his right to obtain counsel and the failure of the other named defendants to provide him with legal representation.  His claims fail for several reasons.  First, as to the State Bar of California, the Alameda County Bar Association, the East Bay Community Law Center and attorney John Burris, Plaintiff asserted the same claims in C-20-1042 VC and those claims were dismissed with prejudice.  Therefore, as to those defendants, Plaintiff's claims are barred under the doctrine of *res judicata. Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action."). "This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points that might have been litigated." *Id*.

Second, as Judge Chhabria explained in C-20-1042, the Fourteenth Amendment due

process right to counsel applies only when an important interest is at stake, such as loss of personal liberty through imprisonment. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011). Plaintiff has alleged no facts that give rise to a plausible inference that he is involved in a civil action in which he is facing imprisonment or the impairment of some other equally important right. Therefore, he fails to state a claim under Section 1983 and the Fourteenth Amendment as to any of the named defendants. Likewise, he has alleged no plausible facts suggesting any defendant was involved in any conspiracy to deprive him of his civil rights under Section 1985.

Finally, to the extent he has included hundreds of alleged violations and "accusations" in the attachment to his Complaint, they are too vague and conclusory to state any plausible claim. Further, many of his allegations appear to be "fanciful" and therefore frivolous within the meaning of 28 U.S.C. § 1915. *See Neitzke*, 490 U.S. at 325.

## IV. CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff has failed to state any viable claim. Plaintiff shall file a response to this Order addressing why his claims are sufficiently pled no later than **June 13, 2022**. Alternatively, Plaintiff may attempt to cure the deficiencies identified herein by filing an amended complaint by the same date. Any amended complaint must include the caption and civil case number used in this order (22-cv-2627) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amendment may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Failure to respond to this Order will result in reassignment of this case to a district judge with a recommendation that the case be dismissed.

**IT IS SO ORDERED.**

Dated: May 10, 2022

JOSEPH C. SPERO
Chief Magistrate Judge